IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CIONJA WEST,<br>　　　Plaintiff,<br><br>　　　v.<br><br>EQUIFAX INFORMATION<br>SERVICES, LLC, *et al.*,<br>　　　Defendants. | :<br>:<br>:<br>:　CIVIL ACTION NO. 25-CV-3738<br>:<br>:<br>:<br>: |

**MEMORANDUM**

**BEETLESTONE, J.**                                                                             **JULY 28, 2025**

Plaintiff Cionja West initiated this civil action by filing a *pro se* Complaint against Equifax Information Services LLC ("Equifax"), TransUnion, LLC ("TransUnion") and Experian Information Solutions, Inc. ("Experian"). West's Complaint raises claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA") and related state law claims for invasion of privacy and defamation. She also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant West *in forma pauperis* status and dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). West will be given an opportunity to file an amended complaint in the event she can cure the deficiencies identified by the Court.

**I.     FACTUAL ALLEGATIONS**[1]

West's allegations are brief. She claims that she notified Equifax, TransUnion, and Experian of "inaccurate and unverifiable tradelines on her credit reports." (Compl. at 2.) She identifies by account number tradelines from Truist Bank, Global Lending Services, Portfolio

---

[1] The allegations are taken from West's Complaint (ECF No. 1). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Recovery Associates, Absolute Resolutions Corporation, Receivables Management Corporation, National Credit Systems, Affirm, and American Heritage Federal Credit Union. (*Id*.)  She claims to have disputed inaccuracies and "provided sufficient identification and grounds" for each dispute in September 2024 (*id.*), and that, as of July 18, 2025, these tradelines continue to report "inaccurately on her credit reports without appropriate correction or deletion" (*id*. at 3), but does not provide any details in her Complaint about what information was inaccurate that she disputed.  The Defendants allegedly failed to provide her with notice or disclosure regarding any investigation, and she claims they did not conduct any investigation.  (*Id*.)  West asserts that under "§ 1681a(2)" of the FCRA, information consisting "solely of transactions or experiences between the consumer and the person furnishing the information is excluded from the definition of a consumer report and should not have been reported to third parties."[2]  (*Id*.)  She states in conclusory fashion that she suffered damages including financial loss, reputational harm, emotional distress, and the loss of credit opportunities due to the

---

[2] West appears to have miscited the section.  Section 1681a(2) does not exist.  Based on her quotation, she appears to have intended to cite § 1681a(d)(2).  That is a definitional provision of the FCRA stating that a report "containing information solely as to transactions or experiences between the consumer and the person making the report" is not a "consumer report" as defined in § 1681a(d)(1).  It does not create a separate cause of action.  *See Gary v. Experian Info. Sols., Inc*., No. 22-1813, 2023 WL 2175751, at *3 (N.D. Ga. Jan. 9, 2023), *report and recommendation adopted*, 2023 WL 2175753 (N.D. Ga. Feb. 3, 2023) (stating that "§ 1681a(d)(2) just helps to clarify the definition of a consumer report — it is not something that a defendant can be liable for violating") (citing *Smith v. Experian Info. Sols., Inc*., No. 22-666, 2022 WL 2389323, at *5 (N.D. Ga. Mar. 11, 2022), *report and recommendation adopted*, 2022 WL 2390740 (N.D. Ga. Apr. 7, 2022) ("§ 1681a sets forth the definitions and rules of construction for the FCRA and those subsections in and of themselves cannot support a claim")).  Accordingly, any claim under § 1681a(d)(2) is dismissed with prejudice.

Defendants' allegedly negligent and willful conduct. (*Id*.)  She seeks money damages for her FCRA and state law claims.

## II.   STANDARD OF REVIEW

Because West appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (internal quotation omitted).  An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants."  *Id.* (internal quotation omitted).

**III.    DISCUSSION**

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).  The FCRA provides for civil liability for noncompliance due to willfulness and negligence.  *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).  A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms.  *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

Consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury

4

was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).

The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007). In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To establish that a consumer reporting agency is liable under this provision for failing to reinvestigate a dispute under the FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

Accordingly, to proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege a factual basis that the reported information was inaccurate.[3] *Bibbs v. Trans Union LLC*, 43 F.4th

---

[3] Sections 1681e(b) and 1681i(a) are the two sections of the FCRA that create obligation on consumer reporting agencies, the negligent or willful violation of which is made actionable by § 1681n and § 1681o, respectively. Although West cites other provisions of the FCRA, including the definitional provision in § 1681a(d)(2) discussed and dismissed above, her claims about inaccurate information are properly construed as alleging violations of either § 1681e(b) or § 1681i(a).

West also cites to § 1681d(a)(1), containing provisions governing requests for, and the preparation of, investigative consumer reports. 15 U.S.C. § 1681d(a)(1) ("A person may not procure or cause to be prepared an investigative consumer report on any consumer unless (1) it is clearly and accurately disclosed to the consumer that an investigative consumer report" has been made; *see Gagliardi v. Equifax Info. Servs., LLC*, No. 09-1612, 2011 WL 337331, at *7 (W.D. Pa. Feb. 3, 2011). West fails to allege that any person sought her credit report or caused her credit report to be prepared, and she has not named any such person as a defendant. Accordingly, any claim under this section is not plausible and is dismissed.

She also cites to § 1681c(a) to allege a claim for "Reporting prohibited information in consumer reports." (Compl. at 4.) That section provides in relevant part that "no consumer reporting agency may make any consumer report containing any of the following items of

331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021). A consumer report is inaccurate "when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (*per curiam*) (cleaned up); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009); *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Shimon v. Equifax Info. Servs. LLC*, 431 F. Supp. 3d 115, 120 (E.D.N.Y. 2020), *aff'd*, 994 F.3d 88 (2d Cir. 2021). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 43 F.4th at 345 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)). Additionally, the consumer reporting agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

    The allegations of inaccuracies in West's Complaint are wholly undeveloped. While West lists tradelines and alleges that she notified each Defendant about "inaccurate and unverifiable tradelines on her credit reports" (Compl. at 2), she has not set forth facts describing what inaccurate information was included in her consumer report, how and why the information

---

information" including certain bankruptcy cases; civil suits and judgments; tax liens, accounts placed in collection, and other adverse information more than seven years old; medical information furnishers; and veteran's medical debt. *Id*. West fails to allege that any of these types of information were contained in her report. Thus, any claim under § 1681c(a) is also dismissed.

6

was inaccurate, nor alleged any facts about how the three Defendants were liable for the inaccuracies. *See Williams v. Experian Info. Sols., Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (*per curiam*) ("Williams did not allege how or why that information was inaccurate or how Experian should have reported it. Without any allegations in that regard, his complaint does not permit the reasonable inference that his credit report was inaccurate, let alone that Experian was liable for that inaccuracy."); *Cook v. TransUnion*, No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to allege sufficient facts regarding the inaccurate information); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because, "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information included on the credit report); *Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that permitting a proposed amended complaint would be futile where plaintiff failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report). As the United States Court of Appeals for the Third Circuit noted in *Williams*, FCRA claims against a consumer reporting agency are not plausible where the plaintiff fails to specify the reason why the furnished account information was inaccurate, for example, "he did not really have a balance on the account, because he had not really made a late payment, or because the account was not really his." *Id.*, at *1, n.2; *see also Frazier v. Equifax Info. Servs.*, No. 24-4711, 2024 WL 4374116, at *5 (E.D. Pa. Oct. 1, 2024) (citing *Williams* and stating "Frazier's Complaint is

undeveloped and similarly lacks factual support. The Complaint does not sufficiently allege how the information is inaccurate and does not permit the reasonable inference that the information contained in Frazier's Equifax consumer report pertaining to the Verizon Wireless and Kickoff Lending accounts is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect.").

West's mere citations to various sections of the FCRA and allegations that the three Defendants failed to comply with the statutory requirements of § 1681e(b) and § 1681i(a), are entirely conclusory and, thus, implausible. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"); *Schiano v. HomEq Servicing Corp. & HomEq Servicing*, 832 F. App'x 116, 120 (3d Cir. 2020) (allegations that defendant failed to "'fully and properly investigate' the matter" were conclusory and did not state a claim); *Anyaegbunam v. ARS Acct. Resol., LLC*, No. 21-13409, 2022 WL 1558474, at *3 (D.N.J. May 17, 2022) (dismissing complaint that merely set forth threadbare allegations and a formulaic recitation of the statutory elements of plaintiff's FCRA claims). Accordingly, her FCRA claims against the three Defendants must be dismissed.[4]

---

[4] Additionally, West must have standing to bring an FCRA claim and plead facts in support thereof in the Complaint. Article III of the Constitution limits the power of the federal judiciary to the resolution of cases and controversies, and this "requirement is satisfied only where a plaintiff has standing." *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2008). To have standing to bring a claim in federal court, a plaintiff must show, *inter alia*, that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1.).

In *TransUnion LLC v. Ramierz*, 594 U.S. 413, 425 (2021), the Supreme Court focused on the "concreteness" prong of the standing analysis. The Court expressly rejected the notion that "a plaintiff automatically satisfies the injury in fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 426 (quoting *Spokeo*, 578 U.S. at 341). Instead, a plaintiff must allege a concrete injury

West's state law claims for defamation and invasion of privacy are also not plausible.

FCRA § 1681h(e) provides as follows:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . . based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report *except as to false information furnished with malice or willful intent to injure such consumer*.

15 U.S.C. § 1681h(e) (emphasis added). "This provision allows a narrow exception for defamation claims where malice or willfulness is alleged, the standard for which is thought to be the same as that for willfulness under § 1681n." *Williams v. Experian Info. Sols., Inc.*, No. 24-2519, 2025 WL 714363, at *6 (E.D. Pa. Mar. 4, 2025) (citing cases). Because West has failed to allege a plausible willfulness claim under § 1681n, her state law claims cannot proceed at this time by virtue of § 1681h(e).[5]

---

separate and apart from an injury under the law. *Id.* (explaining that "an injury in law is not an injury in fact"). The Court differentiated between tangible and intangible injuries. Where a defendant has caused a tangible harm—*i.e.*, a physical or monetary harm—the plaintiff will have suffered a concrete injury in fact. *Id.* at 424-25. Intangible harms may also be concrete, so long as those injuries bear "a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* at 425.

West's claim in her Complaint that she was damaged is also conclusory. If she opts to file an amended complaint, West must allege facts showing she has standing to bring an FCRA claim. To satisfy the standing requirement, West must sufficiently tie alleged injuries – financial loss, reputational harm, emotional distress, and the loss of credit opportunities – to the conduct of the Defendants, *i.e.*, its actions in response to her report of inaccuracies, because a bare procedural violation, even if she alleges one, does not provide her standing for the relief she seeks.

[5] The Court expresses no other opinion about the plausibility of West's state law claims given this threshold defect.

IV.  **CONCLUSION**

For the foregoing reasons, the Court will dismiss West's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. West will be given leave to file an amended complaint in the event she can state a plausible basis for a claim against the Defendants. An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

S/ WENDY BEETLESTONE

**WENDY BEETLESTONE, J.**