IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CIONJA WEST,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-3738 |
| | : |
| EQUIFAX INFORMATION<br>SERVICES, LLC, *et al.*,<br>　　Defendants. | :<br>:<br>: |

<u>MEMORANDUM</u>

**BEETLESTONE, C.J.**　　　　　　　　　　　　　　　　　　　　**SEPTEMBER 3 , 2025**

　　Plaintiff Cionja West initiated this civil action by filing a *pro se* Complaint raising claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). In a prior Memorandum and Order, the Court dismissed her FCRA claims and her related state law claims for invasion of privacy and defamation against Equifax Information Services LLC ("Equifax"), TransUnion, LLC ("TransUnion") and Experian Information Solutions, Inc. ("Experian") (collectively "the CRAs"). *West v. Equifax Info. Servs., LLC*, No. 25-3738, 2025 WL 2111074, at *1 (E.D. Pa. July 28, 2025). West was granted leave to file an amended complaint if she was able to allege additional facts to cure the deficiencies the Court identified in her original Complaint. West filed an Amended Complaint on August 27, 2025 attempting to reassert her FCRA claims.[1] (ECF No. 8.) For the following reasons, the Amended Complaint is dismissed with prejudice.

---

[1] In the prior Memorandum, West's state law claims were dismissed pursuant to the preemption clause in 15 U.S.C. § 1681h(e) because she failed to allege a plausible willfulness claim under 15 U.S.C. § 1681n. *West*, 2025 WL 2111074, at *5  West does not appear to reassert any specific state law claims in the Amended Complaint, even though she asserts she suffered reputational harm, humiliation, and emotional distress as a result of the alleged FCRA violations. (ECF No. 8 at 7.)

I.    BACKGROUND AND FACTUAL ALLEGATIONS

West is a frequent litigator of consumer rights cases in this Court, having filed at least ten prior cases.[2]  In her original Complaint West claimed that she notified the CRAs of "inaccurate and unverifiable tradelines on her credit reports." (Compl. (ECF No. 1) at 2.)  She identified by account number tradelines from Truist Bank, Global Lending Services, Portfolio Recovery Associates, Absolute Resolutions Corporation, Receivables Management Corporation, National Credit Systems, Affirm, and American Heritage Federal Credit Union and claimed to have disputed inaccuracies and "provided sufficient identification and grounds" for each dispute in September 2024.  (*Id*.)  She claimed these tradelines continued to report "inaccurately on her credit reports without appropriate correction or deletion" (*id*. at 3) but, as noted in the prior Memorandum, she failed to provide any details in her Complaint about what information was inaccurate that she disputed.  *West*, 2025 WL 2111074, at *1.

In the Amended Complaint,[3] West again names Equifax, TransUnion, and Experian, and asserts FCRA claims.  (Am. Compl. at 1-2.)  She states that around or about September 2024, she

---

[2] *See, e.g., West v. Equifax Information Services LLC*, No. 22-1927 (E.D. Pa.) (fee paid, settled); *West v. Experian Information Solutions, Inc.*, No. 22-2006 (*in forma pauperis* granted, settled); *West v. Trans Union LLC*, No. 22-3999 (fee paid, settled); *West v. Truist Financial Corp.*, No. 23-1641 (*in forma pauperis* granted, dismissed); *West v. Transunion LLC*, No. 23-4051 (*in forma pauperis* granted, dismissed); *West v. National Credit Systems*, No. 24-1137 (*in forma pauperis* granted, dismissed); *West v. Midland Credit Mgt.*, No. 24-1359 (*in forma pauperis* granted, dismissed); *West v. Madison Apartment Grp., L.P.*, No. 24-4652 (*in forma pauperis* granted, dismissed); *West v. Global Lending Servs., LLC*, No. 24-6726 (*in forma pauperis* granted, dismissed in part, pending); *West v. Global Lending Servs, LLC*, No. 25-1286 (*in forma pauperis* granted, dismissed).

[3] The Amended Complaint consists of the Court's form complaint available for use by unrepresented litigants (ECF No. 8) and attached Exhibits.  (ECF Nos. 8-1, 8-2.)  The Exhibits are excerpts of West's credit reports showing information about her accounts at American Heritage Federal Credit Union, Global Lending Services, Portfolio Recovery Associates, Absolute Resolutions Services/US Bank, Receivables Management Corporation, National Credit Systems, Affirm, and Truist Bank (ECF No. 8-1); a Notice of Application Denial from

disputed inaccurate tradelines appearing on her credit reports with the three Defendants. The tradelines were from Truist Bank, Global Lending Services, Portfolio Recovery Associates, Affirm, Absolute Resolutions, and others. (*Id*. at 5.) She provided her "identification and laws with each dispute." (*Id*.) The CRAs continued to report "inaccurate and unverifiable information" on her reports, including "charge offs with balances and payment history missing." (*Id*.) She claims the CRAs failed to conduct a reasonable reinvestigation as required by the FCRA and failed to follow reasonable procedures to assure maximum possible accuracy, constituting willful and negligent conduct. (*Id*.) As a result, she suffered credit denials, reputational harm, humiliation, and emotional distress. (*Id*.) She was also denied leasing lines of credit, and suffered loss of credit opportunities, higher interest rates, and financial costs. (*Id*. at 7.) She seeks money damages and an order striking negative information from her credit reports. (*Id*.)

## II. STANDARD OF REVIEW

Because West was granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

---

Progressive Leasing concerning a lease-to-own agreement with Mattress Firm stating West was denied "based in whole or in part on information obtained in reports from the consumer reporting agency/agencies listed below" (ECF No. 8-2 at 1-4); and a lease application denial from Acima Leasing based on "prior lease performance" (*id*. at 5). The Court deems the entire submission to constitution the Amended Complaint and adopts the pagination supplied by the CM/ECF docketing system.

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the Amended Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Amended Complaint, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  "This means we remain flexible[.]'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants."  *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III. DISCUSSION

The Court previously informed West that to state a plausible claim against a CRA under 15 U.S.C. § 1681e(b) – the provision requiring CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates" – a plaintiff must plead facts on the following elements: (1) inaccurate information was

included in a credit report; (2) the inaccuracy was due to the CRA's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *West*, 2025 WL 2111074, at *2 (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010) and *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).  The FCRA also "confers on a consumer a right to have the negative information on his or her credit report investigated for accuracy." *Id*. at *3 (quoting *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D. Pa. 2007)).  In that regard, if a consumer disputes the completeness or accuracy of information contained in her file, the credit reporting agency must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."  15 U.S.C. § 1681i(a)(1)(A).  To allege a plausible claim that a CRA is liable under this provision for failing to reinvestigate a dispute under the FCRA, the consumer must state facts that the CRA had a duty to do so, and that it would have discovered a discrepancy had it undertaken a reasonable investigation. *West*, 2025 WL 2111074, at *3  (citing *Cortez*, 617 F.3d at 713 and *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

To proceed under either § 1681e(b) or § 1681i(a), a plaintiff must allege that the reported information was in fact inaccurate. *Id*. (citing *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342-43 (3d Cir. 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information.")).  A court "does not need to reach or consider the reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e or the reasonableness of a credit reporting agency's reinvestigation under § 1681i unless the information contained in the report is inaccurate." *Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 297-98 (E.D. Pa. 2021)).

The Court dismissed West's original Complaint because her allegations of inaccuracies were "wholly undeveloped." *West*, 2025 WL 2111074, at *4. She only listed tradelines and alleged that she notified each Defendant about inaccurate and unverifiable tradelines, but she failed to set forth facts describing what inaccurate information was included in her consumer report, how and why the information was inaccurate, or any facts about how the three Defendants were liable for the inaccuracies. *Id*. (citing *Williams v. Experian Info. Sols., Inc.*, No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024) (*per curiam*) ("Williams did not allege how or why that information was inaccurate or how Experian should have reported it. Without any allegations in that regard, his complaint does not permit the reasonable inference that his credit report was inaccurate, let alone that Experian was liable for that inaccuracy."); *Cook v. TransUnion*, No. 23-1146, 2024 WL 128204, at *2 (E.D. Pa. Jan. 11, 2024) (dismissing FCRA claims where the plaintiff failed to allege sufficient facts regarding the inaccurate information); *Shastri v. Experian Info. Sols., Inc.*, No. 21-10085, 2021 WL 2896001, at *2 (D.N.J. July 9, 2021) (granting Experian's motion to dismiss because, "despite vague references to 'inaccurate information of Bankruptcy'" plaintiff never clearly disputed the accuracy of the information included on the credit report); *Covington v. Equifax Info. Servs., Inc.*, No. 21-815640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (finding that permitting a proposed amended complaint would be futile where plaintiff failed to state factually how, why or in what manner any information plaintiff disputed was inaccurate); *Regina the First for Guyton v. Equifax Info. Servs., LLC*, No. 18-2534, 2018 WL 3122328, at *2 (E.D. Pa. June 26, 2018) (dismissing complaint for failure to set forth facts regarding what inaccurate information was included in credit report)).

While the Court instructed West that merely citing to various sections of the FCRA and alleging in conclusory terms that the three Defendants failed to comply with the statutory requirements of § 1681e(b) and § 1681i(a) cannot state plausible FCRA claims, *West*, 2025 WL 2111074, at *4, and that, instead, she was required to set forth facts identifying what information was inaccurate, describing how and why the information was inaccurate, and facts about how the three Defendants were liable for the inaccuracies, *id.*, she has failed to do so in the Amended Complaint.  Rather than stating how, why or in what manner information was inaccurate, West again only alleges in conclusory terms that information was inaccurate.  She asserts only that her reports reflect "charge offs with balances and payment history missing" (Am. Compl. at 5), and she appended excerpts of credit reports showing numerous tradelines with unpaid balances, collection activity, and charge offs.  But she again fails to state in narrative form what specific information was inaccurate with regard to a particular tradeline, state why the information reported is inaccurate, or state facts to show the CRAs are liable for the inaccuracies.  She also again claims in conclusory fashion that the CRAs failed to conduct a reasonable reinvestigation and failed to follow reasonable procedures, but alleges no facts to support these conclusions.  Accordingly, the Amended Complaint fails to cure the defects in her claims and will be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss West's Complaint.  Since West has been provided with the applicable law concerning the requirement to specifically allege inaccuracies in the prior Memorandum in this case and on at least three other prior occasions,[4]

---

[4] See *West v. TransUnion LLC*, No. 23-4051-JDW, 2024 WL 2925959, at *2 (E.D. Pa. June 10, 2024); *West v. Nat'l Credit Sys.*, No. 24-1137, 2024 WL 2747972, at *2 (E.D. Pa. May 29, 2024); *West v. Midland Credit Mgmt.*, No. 24-1359, 2024 WL 1718075, at *1-3 (E.D. Pa.

and since she received an opportunity to cure the defects in her claims by providing non-conclusory allegations about inaccurate information, the dismissal will be with prejudice since further attempts at amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"); *Posey v. Klinefelter*, No. 25-1428, 2025 WL 1937084, at *2 (3d Cir. July 15, 2025) (*per curiam*) (affirming dismissal where the "District Court's orders and the Magistrate Judge's reports and recommendations all informed Posey as to the ways in which the complaints were deficient and provided multiple opportunities to amend, and yet Posey repeatedly failed to do so").

An appropriate Order dismissing the case with prejudice will be entered separately. Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

**S/ WENDY BEETLSTONE**

**WENDY BEETLESTONE, C.J.**

---

Apr. 19, 2024). Given her litigation history and that she should now be familiar with the law requiring FCRA claimants to allege inaccurate information, any future complaints that West files alleging FCRA claims based on inaccurate information in a credit report may be dismissed with prejudice with no leave for amendment should she fail to allege facts showing all of the elements of her claims in her initial complaint.